DAVID B. BARLOW, United States Attorney (#13117)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:11 cr 619 TS |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| IRVIN FRANKLIN HYDE, | : | |
| Defendant. | : | Hon. Ted Stewart |

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

    1.    As part of this agreement with the United States, I intend to plead guilty to Count I of the **Information.** My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. I understand in order for me to be found guilty of the charge set forth in the information, the government must prove each of the following *elements* of 18 U.S.C. § 2425, Transmission of the name of a Minor for purposes of Enticement:

    A. That I used a facility of interstate commerce; specifically the internet;

B. That I knowingly initiated a transmission of the name or electronic mail address of another individual, knowing that individual had not attained the age of 16 years; and

C. That I had the intent to entice, encourage, offer, or solicit any person, to engage in sexual activity for which I could be charged with a criminal offense, or I attempted to do so.

2. I know that the maximum possible penalty provided by law for Count I of the Information, a violation of 18 U.S.C. § 2425 is a term of imprisonment of up to five years, a fine of up to $250,000 and a term of supervised release of up to life. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense may be ordered pursuant to 18 U.S.C. § 3663.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> Between June 21, 2011 and July 7, 2011, in the Central District of Utah, using a facility of interstate commerce, the internet, I knowingly transmitted the name of a minor (who was in fact an undercover officer, posing as a 13 year old girl) across state lines. I believed that this minor was 13 years old at the time of the transmissions. In the transmissions I specifically suggested to the minor that we would engage in sexual acts including oral sodomy if we met. In these transmissions I intended to entice, encourage, offer or solicit, this minor to engage in sexual activity for which I could be charged with a criminal offense under Utah law. These actions were done in violation of 18 U.S.C. § 2425.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

> A. The defendant agrees:
>
> (1) I will plead guilty to Count I of the Information;
>
> (2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;

(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution;

(3)   That under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: the location of the my residence, the location of my employment; and, if I am a student, the location of my school. Registration will require that I provide information that includes name, residence address, and the names and addresses of any places at which I am or will be an employee or a student. I understands that I must update his registrations not later than three business days after any change of name, residence, employment, or student status. I understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both;

(4)   To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United

States Probation Office and to the United States Attorney's Office within **three weeks** of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (1) a separate prosecution under 18 U.S.C. § 1001; (2) the denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for obstruction of justice under Sentencing Guideline 3C1.1;

(5) If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that my statements pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding;

(6)(a) I agree to forfeit all interests in any asset that is related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of my offense, including, but not limited to, the following specific property:

- Toshiba laptop computer
- Cell phones
- Digital camera

(6)(b) I warrant that I am the sole owner of all of the property listed above, and agree to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement;

(6)(c) I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or

civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted;

(6)(d) I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

B.  The United States agrees:

(1)  To move to dismiss the Indictment at the time of sentencing;

(2)(a)  To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his [or her] offense [or offenses], up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines [and paragraph 12.A(4) above]; and

(2)(b) To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction.

2. Recommend the low end of the applicable guideline.

wmd
CD
IFH

-7-

I make the following representations to the Court:

1. I am __33__ years of age. My education consists of __GED/some College__ __Can__ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this __17__ day of __November__, __11__.

_/s/ Irvin F. Hyde_
IRVIN FRANKLIN HYDE
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 17th day of November, 11.

*Wendy M. Lewis*
WENDY LEWIS
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 17th day of November, 2011.

DAVID B. BARLOW
United States Attorney

*Carol A. Dain*
CAROL A. DAIN
Assistant United States Attorney

-9-